

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**COMMONWEALTH OF VIRGINIA**
**DEPARTMENT OF TRANSPORTATION,**
**Plaintiff,**

v.  Civil No. 2:11cv601

**TUG ROBERT BURTON,** *In rem,*
**and**
**NORFOLK TUG COMPANY,** *In personam,*
**Defendants.**

## OPINION AND ORDER

This matter comes before the Court on the Motion of Defendant Norfolk Tug Company, for itself and for the Tug *Robert Burton* (hereinafter collectively "Defendants"), for Summary Judgment filed on May 21, 2012. Plaintiff Commonwealth of Virginia, Department of Transportation ("Plaintiff"), filed a Response on June 6, 2012, and Defendants filed a Reply on June 12, 2012. Plaintiff filed a motion requesting leave to file an additional brief in connection with Defendants' Reply on June 19, 2012. A bench trial in this matter is currently set for August 7, 2012. For the reasons set forth below, the Court **DENIES** Defendants' Motion for Summary Judgment. Since the Court is able to rule on Defendants' Motion for Summary Judgment without requiring further briefing from Plaintiff, Plaintiff's request (Docket Number 37) is **MOOT**.

### I. FACTS

On November 18, 2008, at approximately 5:25 a.m., the mate on watch in the wheelhouse of the Tug *Robert Burton* ("the Tug"), Mate Davis, fell asleep at the helm as

the Tug was transiting up the York River towards the George P. Coleman Bridge. As a result, the Tug struck one of the concrete caissons supporting the bridge, allegedly damaging a sign and cables that were attached to the caisson. For purposes of the Motion for Summary Judgment, Defendants do not dispute that Mate Davis was negligent or that Defendant Norfolk Tug bears *respondeat superior* liability for his actions. Defs.' Mot. Summ. J. 1.

## II. LEGAL STANDARD

### A. Summary Judgment

In reviewing a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court construes all facts and inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007) (citing United States v. Diebold, Inc., 369 U.S. 564, 655 (1962); Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Court will grant such a motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323–24.

## III. ANALYSIS

### A. 33 U.S.C. § 403

2

Although Defendants admit that Mate Davis was negligent, they argue that Plaintiff cannot demonstrate that it had any of the permits required by state or federal law to install any of the items it claims were damaged by the allision, let alone that it installed the items in compliance with said permits. In the absence of evidence that Plaintiff obtained and properly complied with permits issued by the United States Army Corps of Engineers ("ACOE") and the Virginia Marine Resources Commission ("VMRC"), Defendants argue that Plaintiff is barred from recovering its claimed damages in this matter.

In relevant part, 33 U.S.C. § 403, reads as follows:

"The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is hereby prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of Army; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition...of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of Army prior to beginning the same."

The initial determination must be whether the cables were an obstruction to navigable capacity. Certainly the bridge is an obstruction, but are the appurtenant attachments to the bridge a separate navigable obstruction?

Defendants argue that Plaintiff never received the proper permits from the ACOE to install the items damages when the Tug *Burton* allided with the Coleman Bridge, that permits were required, and evidently claim that the damaged cables here were not a repair or replacement. Therefore, Defendants argue that since Plaintiff allegedly violated § 33

3

U.S.C. § 403, it bears the fault for an allision as a matter of law. Defendants cite *F.S. Royster Guano Co. v. Outten*, 266 F. 484 (4th Cir. 1920) and *City of Portland v. Luckenbach*, 217 F.2d 894 (9th Cir. 1954) for this proposition. However, the courts in these cases did not hold that a party which violates § 403 is solely liable for an allision as a matter of law.

In both *F.S. Royster* and *City of Portland*, based on the specific facts before them, the courts found that a crane and a boom respectively jutting out into navigable bodies of water constituted obstructions within the meaning of the statues. Since the parties operating the crane and boom did not have permits under the statute, the courts found that the parties were in violation of § 403, and that violation of the statute constituted negligence by those parties. *Id.* However, it is important to note that the *F.S. Royster* and *City of Portland* courts agreed with the findings of the district courts below them, both of which found no contributory negligence on the part of the opposing parties in the cases. *Id.* Therefore, the parties which violated § 403 were only held liable after a determination by the trial court that the opposing parties were not contributorily negligent. Indeed, in *F.S. Royster*, the court stated specifically that "appellant failed to show that this accident was due to the contributory negligence of appellee. The court below, after careful consideration of the evidence, has found that this accident was due to the negligence of appellant, and that appellee did not contribute thereto." 266 F. at 489. Thus, in that case, the district court had found that the party which violated the statute was the only negligent party, and violation of the statute was but one consideration in the district court's determination of comparative fault.

In *City of Portland*, the Ninth Circuit held similarly. Based on the facts and the evidence, the district court found that not only did Portland violate the statute, but also that Portland was "wholly responsible" for the accident that occurred. 217 F.2d at 897. The Ninth Circuit stated that "The trial court held the boom as it extended over the river was an unauthorized obstruction under the statute. But as we read the findings and conclusions, the court nevertheless would have found Portland entirely responsible on negligence and causation without the determination that the obstruction was unlawful." *Id.* In discussing the testimony and evidence from the case, the Ninth Circuit stated that "reasonable men might draw conflicting conclusions" and that "the question of negligence and the related matters of causation and last clear chance were very close questions." *Id.* at 897-98. The Ninth Circuit was highly deferential to the trier of fact who was in the best position to evaluate the testimony and demeanor of the witnesses. *Id.* at 897. Indeed, the court found that "The record is such that had the trial court found that Luckenbach was wholly responsible [and not Portland] we would not disturb its conclusion. Without the aid of the trial court's findings, we might find Luckenbach wholly responsible or maybe equally so. If we were thrown on our own, we do not say that we would do so." *Id.* In its final analysis, the Ninth Circuit found enough evidence to support that Portland was negligent, and that Luckenbach was not comparatively negligent. *Id.* Since the court found that the trial court's findings were not clearly erroneous, it did not rule on the last clear chance doctrine advanced by Portland and upheld the judgment below. *Id.* The court was clear, however, that, even with the statutory violation by Portland, if it "were convinced of the fault of Marine Leopard [Luckenbach] according to admiralty law, this court would upset the judgment below."

*Id.* at 898. Thus, it is clear to this Court from the precedent cited by Defendants that a violation of the § 403 alone does not entitle a party to a judgment as a matter of law even if it is shown that a navigable obstruction was a proximate cause of the accident. It merely helps establish the negligence of one party. The Court must still determine whether that negligence was the proximate cause of the allision.

### B. Negligence in Admiralty Cases

In admiralty cases, questions of negligence, including causation and apportionment of fault, are factual issues which must be determined by the district court. *See Evergreen Int'l, S.A. v. Norfolk Dredging Co.*, 531 F.3d 302, 308 (4th Cir. 2008) (citing *U.S. Fire Ins. Co. v. Allied Towing Corp.*, 966 F.2d 820, 823 (4th Cir.1992)). The negligence cause of action claimed by Plaintiff arises under the general maritime law of the United States, which is the substantive law applicable in this case. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996); *Leathers v. Blessing*, 105 U.S. 626, 627 (1881). Under maritime tort law, liability for allisions is apportioned based upon comparative fault. *Evergreen, Int'l*, 531 F.3d at 308 (citing *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 593 (11th Cir.2007); *Folkstone Maritime, Ltd. v. CSX Corp.*, 64 F.3d 1037, 1046 (7th Cir.1995); *Hellenic Lines, Ltd. v. Prudential Lines, Inc.*, 730 F.2d 159, 162-65 (4th Cir.1984)). "The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common law, free of 'inappropriate common law concepts.'" Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 5-2 (4th ed. 2004) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)).

This matter involves an allision, which occurs when a moving vessel strikes a stationary object. Neither party has briefed the Court on the *Oregon* Rule, which applies to allisions, or whether it should apply in this case. The *Oregon* Rule establishes a "rebuttable presumption that, when a moving object hits a stationary object, the moving object is at fault." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 362 (6th Cir. 2010) (citing *The Oregon*, 158 U.S. 186, 197 (1895); *Superior Constr. Co. v. Brock*, 445 F.3d 1334, 1339 (11th Cir. 2006)).

The parties have briefed the Court on the *Pennsylvania* Rule. However, they disagree whether it should apply in this case. The *Pennsylvania* Rule states: "when a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions...the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been." *Evergreen Int'l*, 531 F.3d at 310 (citing *The Pennsylvania*, 86 U.S. 125, 136 (1873)). In the Fourth Circuit, there is no dispute that the *Pennsylvania* Rule equally applies to allisions such as occurred in this case. *Id.* However, it is important to note that the *Pennsylvania* Rule "does not establish fault; rather, it shifts the burden of proof on the element of causation to the party who violated the statutory rule or regulation at issue to prove that such violation could not reasonably be held to have been the cause of the collision or allision." *Id.* (citing *U.S. Fire Ins. Co.*, 966 F.2d at 824-25).

Similarly, the *Oregon* Rule creates a prima facie case of negligence, not a final case of sole negligence. *Bessemer*, 596 F.3d at 362 (citing *In re Mid-South Towing Co.*, 418 F.3d 526, 532 n. 6 (5th Cir.2005); Thomas J. Schoenbaum, 2 *Admiralty and Maritime Law* § 14-3, 104-05 (4th ed.2004)). The *Oregon* Rule, based on "'the common-

7

sense observation that moving vessels do not usually [a]llide with stationary objects unless the vessel is mishandled in some way,' presumptively allocates fault when the circumstances of an allision are unknown-requiring the party most likely to know what happened (the moving vessel) to present evidence to rebut the presumption of fault." *Id.* (citing *City of Chicago v. M/V Morgan*, 375 F.3d 563, 572 (7th Cir.2004)). The *Pennsylvania* Rule plays a similar role since one party has violated a statute or regulation designed to prevent collisions. However, in this case, based on the facts presented in the Motion for Summary Judgment, the outcome will not turn on whether the *Oregon* or *Pennsylvania* Rules apply because "the parties have introduced evidence to dispel the mysteries that gave rise to the presumption[s]." *Id.* (citing *In re Mid-South Towing*, 418 F.3d at 531). Neither the *Oregon* nor the *Pennsylvania* Rule helps fill a factual void or is necessary in this case.

### C. Causation and Apportionment of Fault

Defendants' Motion for Summary Judgment rests primarily on the ground that Plaintiff allegedly violated 33 U.S.C. § 403, and that the Court can therefore grant them judgment as a matter of law based on the facts presented. Whether the cables were a part of the bridge or an independent structure which was an obstruction to navigation is an interesting question. A boom or a crane out over a navigable body of water could certainly be considered an obstruction as the cases cited by the parties demonstrate. However, none of the cases cited had facts substantially similar to the situation presently before the Court. Even assuming that the attachments to the bridge were a separate navigable obstruction, Defendants have not demonstrated how Plaintiff's alleged violation of § 403 was the proximate cause of the allision and the subsequent damage to

the bridge and the cables providing power, control, and communications to the bridge. As demonstrated by the cases cited above, violation of this statute only demonstrates negligence on the part of the offending party. Violation of the statute alone does not warrant a finding that the violation itself was the proximate cause of a collision or allision or the damages. Indeed, from the evidence produced, it appears that the mate who fell asleep at the helm in the wheelhouse was the proximate cause of the Tug *Burton* drifting outside of the main navigation channel and the subsequent allision with the Coleman Bridge. It appears to the Court that, regardless of whether Plaintiff had obtained the proper permits for the items damaged by the allision, the allision and damage would not have occurred absent negligence on the part of Defendants. Furthermore, as discussed above, liability for allisions in admiralty is apportioned on a comparative fault basis. Since the Court must still determine the proximate cause of the allision and damages in this matter and apportion comparative degrees of fault if there is any on the part of Plaintiff, as well as the construction of the statute itself and its application to the facts of this case, the Court finds that summary judgment is not appropriate at this time and denies Defendants' Motion for Summary Judgment.

## IV.  CONCLUSION

"A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). For the reasons set forth above, it is clear that the pleadings and evidence indicate

that genuine issues of material fact remain for the Court. In addition, Defendants have failed to establish their burden that they are entitled to judgment as a matter of law based on the facts presented. Therefore, the Court hereby **DENIES** Defendants' Motion for Summary Judgment in its entirety as it finds that the evidence has clearly shown by a preponderance thereof that Defendants themselves were negligent. Moreover, there are many factual disputes which must be addressed prior to any determination of liability or the degree of liability.

The Clerk of Court is **DIRECTED** to deliver a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

July 6, 2012
Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge